DECISION AND JUDGMENT ENTRY
This is an appeal from the Lucas County Court of Common Pleas which granted summary judgment in favor of appellee, Stein Mart, Inc. ("Stein Mart"), against appellant, Elaine C. Dempster. For the reasons that follow, we reverse the decision of the trial court.
On November 17, 1997, appellant was shopping in Stein Mart's store in Toledo. While there, appellant fell and broke her hip. Appellant sued Stein Mart on November 16, 1999, alleging negligence. Stein Mart filed a motion for summary judgment on October 26, 2000. On December 12, 2000, appellant was granted leave to file an amended complaint. In addition to her negligence action, appellant asserted a second cause of action and claimed that she was entitled to $5,000 in Premises Medical Payments ("Med Pay") coverage, available through Stein Mart's insurance coverage.
On February 21, 2001, the trial court granted Stein Mart's October 26, 2000 motion for summary judgment on appellant's negligence action. Insofar as Stein Mart's motion had been filed prior to the amended complaint, it did not address appellant's claim for Med Pay. Accordingly, the trial court permitted Stein Mart to file an additional motion for summary judgment, on April 11, 2001, to address the issue of the Med Pay claim. On June 28, 2001, the trial court granted Stein Mart's second motion for summary judgment.
This appeal concerns only the Med Pay portion of appellant's claim. Appellant raises in her sole assignment of error the following:
 "ASSIGNMENT OF ERROR: THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT BECAUSE THERE ARE GENUINE ISSUES AS TO MATERIAL FACTS AND THE MOVING PARTY IS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW. REASONABLE MINDS CAN COME TO BUT ONE CONCLUSION AND THAT CONCLUSION IS ADVERSE TO THE APPELLEE HEREIN."
The following facts are relevant to our determination of this appeal. Stein Mart and its insurance company were immediately notified of appellant's injuries. Thereafter, on or about November 24, 1997, Stein Mart's claims representative sent appellant a letter informing her of the existence of Med Pay coverage that was available to her, regardless of fault, in an amount up to $5,000. In pertinent part, the letter stated as follows:
 "Stein Mart Coverage allows for $5000 of Premises Medical Payments (med pay) coverage regardless of fault. This money is available to reimburse you for any medial [sic] expenses which are reasonable and incurred as a result of the above referenced incident. When we spoke today you stated that you had Medicare. If there are any bills that they do not cover please send them in to us so we can take care of them.
 "If you have any billings or receipts for which you are seeking reimbursement/payment, you may enclose them in an envelope for us to evaluate. If you wish us to pay providers directly, please furnish written instructions to do so."
Pursuant to Stein Mart's insurance policy, Med Pay coverage was limited to expenses incurred and reported to Stein Mart's insurer within one year of the date of the accident. The time limit contained in the policy, however, was not conveyed to appellant until well after the one year period had expired.
Stein Mart and its insurer had superior knowledge regarding the time requirement for asserting a Med Pay claim, but failed to inform appellant of such. Also, insofar as appellant was not privy to Stein Mart's insurance contract, she is not responsible for knowing the terms of Stein Mart's contract with its insurer. Accordingly, because appellant was not informed of any time limit for submitting her medical bills, and because she was not privy to the contract, we find that the one year time limit for submitting medical bills to Stein Mart's insurer, for purposes of collecting Med Pay, does not apply to appellant's claim.
Moreover, we find that the letter to appellant from the claims representative constitutes an offer of payment of up to $5,000 for medical expenses incurred as a result of appellant's injuries. Because no time limitation for accepting this offer was included in the letter, we find that appellant was only required to accept Stein Mart's offer, i.e., by providing her medical bills, within a reasonable time.
In this case, both Stein Mart and its insurer were immediately notified of appellant's injuries. Additionally, within two years of the incident, Stein Mart was notified of the amount and extent of appellant's incurred medical expenses when she filed suit against Stein Mart. Appellant's amended complaint, alleging entitlement to Med Pay, relates back to the filing of her complaint. See Civ.R. 15(C). Insofar as R.C.2305.10 permits negligence actions to be filed within two years of the date of the incident, we find that reasonable minds could conclude differently regarding whether two years is a reasonable period of time within which to submit medical bills following an incident. Accordingly, we find that a genuine issue of material fact exists as to whether appellant's acceptance of Stein Mart's offer to provide her Med Pay coverage was asserted within a reasonable time. See Civ.R. 56(C).
Based on the foregoing, we find that the trial court erred in granting Stein Mart summary judgment with respect to the Med Pay issue. Accordingly, appellant's sole assignment of error is found well-taken.
On consideration whereof, the court finds substantial justice has not been done the party complaining and the judgment of the Lucas County Court of Common Pleas is reversed. This matter is remanded to the trial court for further proceedings in accordance with this decision. Costs of this appeal to be paid by appellee.
JUDGMENT REVERSED.
Richard W. Knepper, J., Mark L. Pietrykowski, P.J., and George M.Glasser, J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.